**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAMES KENNETH DOTIE,        ) | |
|     ID # 301174,                    ) | |
|         Petitioner,          ) | |
| vs.                                      ) | No. 3:14-CV-1922-L (BH) |
|                                     ) | |
| WILLIAM STEPHENS, Director,  ) | |
| Texas Department of Criminal       ) | |
| Justice, Correctional Institutions Division,  ) | |
|         Respondent.       ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for habeas corpus relief should be **DENIED** with prejudice.

**I.  BACKGROUND**

James Kenneth Dotie (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a habeas corpus petition 28 U.S.C. § 2241 on May 28, 2014. The respondent is William Stephens, Director of TDCJ-CID.

The state court judgment attached to the petition shows that Petitioner was convicted of aggravated rape in Cause No. F79-7543-HK in Criminal District Court No. 4 in Dallas County, Texas, and he received a fifty-year sentence on January 2, 1980. Petitioner was released on mandatory supervision on December 31, 1997, and his release was revoked on December 10, 2008. Petition (Pet.) at 6. Pursuant to Tex. Gov't Code § 508.283(c), his previously earned good conduct time credit was forfeited, and he did not receive credit for the time he was on mandatory supervision release. *Id*. Public records show Petitioner previously filed a state habeas corpus application raising the same claims he raises in his federal petition. *Ex parte Dotie*, WR-79,695-03 (Tex. Crim. App.).

The state habeas corpus application was dated May 26, 2013, and it was denied without written order on November 13, 2013. *Id*.

In his § 2241 petition, Petitioner contends the forfeiture of street-time credit for the time he was on mandatory supervision release after the revocation of his mandatory supervision release, pursuant to Tex. Gov't Code § 508.283, violated the Ex Post Facto Clause. (Pet. at 5; Memorandum (Mem.) at 4). He also asserts the forfeiture of his previously earned good-time credit, upon the revocation of mandatory supervision release, violated his right to due process. *Id*.

## II. ANALYSIS

Petitioner insists that his claims are properly brought under § 2241, and that 28 U.S.C. § 2254 does not apply. (Doc. 6). However, a claim for time credit that would result in immediate or sooner release from prison, if valid, falls under § 2254. *Malachi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000). Therefore, the petition is construed as arising under § 2254.

**A. Credit for time on early release (ex post facto claim)**

Petitioner contends that when his mandatory supervision release was revoked, he should have received street-time credit for the time he was on mandatory supervision. "'Street-time credit refers to calendar time a person receives towards his sentence for days spent on parole or mandatory supervision.'" *Rhodes v. Thaler*, 713 F.3d 264, 265 n.1 (5th Cir. 2013) (quoting *Ex parte Spann*, 132 S.W.3d 390, 392 n.2 (Tex. Crim. App. 2004). Eligibility for credit for time spent on mandatory supervision under § 508.283 is determined by the date on which mandatory supervision was revoked. *Ex parte Hernandez*, 275 S.W.3d 895, 897 (Tex. Crim. App. 2009); *see also Rhodes v. Thaler*, 713 F.3d at 267. Under § 508.283(c), in effect when Petitioner's mandatory supervision was revoked, a person may not receive credit for time on mandatory supervision if the person is

2

described by § 508.149(a), which includes persons who have been convicted of aggravated rape. *Rhodes*, 713 F.3d at 267 & n.20. Based on his conviction for aggravated rape, Petitioner was not entitled to credit for time on mandatory supervision under § 508.283(c).[1]

Petitioner argues that the denial of credit under § 508.283 violates the Ex Post Facto Clause, because that provision was not in effect when he committed his offense on June 18, 1979. Under the Ex Post Facto Clause, "[t]he Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer." *Dobbert v. Florida*, 432 U.S. 282, 299 (1977). Prior to 2001, a parole violator was not entitled to credit for time on parole or mandatory supervision. *Ex parte Spann*, 132 S.W.3d 390, 393 (Tex. Crim. App. 2004); *see also Bohannan v. Thaler*, 2012 WL 2988752 at *8 (N.D. Tex. July 20, 2012) (1977 statute still in effect in 1982 provided "When a person's parole, mandatory supervision, or conditional pardon is revoked, that person may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation").

Petitioner is not suffering any detriment under § 508.283(c), because he was not entitled to credit for time on mandatory supervision even under the law before § 508.283(c). Therefore, the denial of credit for time on mandatory supervision did not violate the Ex Post Facto Clause. *Bohannan v. Thaler*, 2012 WL 2988752 at *8; *Lindley v. Thaler*, 2012 WL 289846 at *3 (S.D. Tex. January 31, 2012); *Sanchez v. Thaler*, 2010 WL 3582600 at *4 (N.D. Tex. August 20, 2010).

**A. Forfeited good-time credit (due process claim)**

Petitioner contends his previously earned good-time credit was forfeited in violation of his

---

[1] Petitioner does not contend he was eligible for credit for time on mandatory supervision under § 508.283(c).

right to due process when his mandatory supervision release was revoked. "On the revocation of parole or mandatory supervision of an inmate, the inmate forfeits all good conduct time previously accrued." Tex. Gov't Code § 498.004(c); *see also Ex parte Henderson*, 645 S.W.2d 469, 471-72 (Tex. Crim. App. 1983) (same under 1977 statute).

Because Petitioner had no legitimate claim of entitlement to good-time credits following the revocation of mandatory supervision, the forfeiture of good-time credit did not violate his right to due process. *Preston v. Thaler*, 2012 WL 2026329 at *5-6 (S.D. June 4, 2012); *Stratton v. Thaler*, 2011 WL 610352 at *8-9 (N.D. January 28, 2011). Moreover, even if Petitioner had a right to due process regarding the forfeiture of good-time credit, he fails to show how the mandatory supervision revocation hearing did not adequately provide due process for the revocation of that credit.

## III. RECOMMENDATION

The request for habeas corpus relief pursuant to 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 18th day of August, 2014.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

    A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE