**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JAMES KENNETH DOTIE, ID # 301174, )<br>  Petitioner, )<br>vs. )<br> )<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>  Respondent. ) | No. 3:14-CV-1922-L (BH)<br><br>Referred to U.S. Magistrate Judge |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the new ground for relief in the amended petition filed on August 28, 2014, should be **dismissed with prejudice** as barred by limitations, and a certificate of appealability should not issue.

**I.  BACKGROUND/AMENDED PETITION**

Petitioner James Kenneth Dotie (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-ID), filed a habeas corpus petition on May 28, 2014. He was convicted of aggravated rape in Cause No. F79-7543-HK in Criminal District Court Number 4 of Dallas County, Texas, and received a fifty-year sentence on January 2, 1980. Petitioner was released on mandatory supervision on December 31, 1997, and his release was revoked on December 10, 2008. Petition (Pet.) at 6. Pursuant to Tex. Gov't Code § 508.283(c), his previously earned good conduct time credit was forfeited, and he did not receive credit for the time he was released to mandatory supervision. *Id.* On August 18, 2014, it was recommended that Petitioner's claim that the failure to provide him credit for his street-time while on mandatory supervision was in violation of the ex post facto clause, and his claim that his previously earned good-conduct time was forfeited in violation of his right to due process of law,

be denied. (*See* doc. 10).

Petitioner subsequently filed an amended petition for relief under 28 U.S.C. § 2254 that again challenges the loss of good-time credit and street-time credit. (Doc. 12 at 6, ¶ 20 (A-B). It also raises a new challenge to the underlying judgment of conviction in Criminal District Court Number 4 of Dallas County, Texas. (*Id.* at 2, 7, ¶ 20(C).) Petitioner now claims that he was deprived of the right to appeal and to the appointment of appellate counsel. (*Id.* at 7, ¶ 20(C).)

## II. LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, imposed for the first time a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. This limitations provision, codified at 28 U.S.C. § 2244(d)(1)-(2), provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C.A. § 2244 (d)(1)-(2) (West 2006).

Here, the amended petition lists Petitioner's date of conviction as 1979. Petitioner previously filed another § 2254 petition that included a copy of his state court judgment. *See Dotie v. Stephens,* No. 3:14-CV-0893-K (N.D. Tex.) (doc. 2 at 18).[1] It shows that Petitioner was convicted on January 2, 1980. Petitioners who attacked convictions that became final before the AEDPA's effective date had one year from the effective date of the AEDPA to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998). Any § 2254 petition challenging Petitioner's pre-AEDPA conviction was therefore due on or before April 24, 1997. *Flanagan*, 154 F.3d at 202. Statutory tolling under subsection § 2244 (d)(2) is inapplicable under the circumstances of this case.

The one-year limitation period for filing a petition under § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645-46 (2010); *see also Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The burden is on the petitioner to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for him to timely file a § 2254 petition. *See Holland*, 560 U.S. at 649 (stating petitioner must show "'extraordinary circumstances stood in his way and prevented timely filing'") (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Davis*, 158 F.3d at 811 (explaining statute can be tolled in "rare and exceptional" circumstances). The Fifth Circuit has held that "'equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'"*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.

---

[1] Petitioner filed a motion to voluntarily dismiss the case, and it was dismissed without prejudice.

1999) (quoting *Rashidi v. Am.President Lines,* 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner has set forth no facts to show any extraordinary circumstances that prevented him from timely filing for relief based upon such claims, and he is not entitled to equitable tolling.

Petitioner's new claim for relief in his amended petition under § 2254 was filed more than seventeen years too late and should be dismissed as barred by limitations.

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing Section 2254 Proceedings In The United States District Courts, Rule 11(a) (December 1, 2009). The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006). A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 326 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the record, Petitioner has not shown that reasonable jurists would question the Court's acceptance of this recommendation, and a certificate of appealability should not issue. *See* Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2) (West 2006).

### IV. SUPPLEMENTAL RECOMMENDATION

The new ground for relief listed in the amended petition under § 2254 filed on August 28,

4

2014 should be **DISMISSED WITH PREJUDICE**, and a certificate of appealability should not issue.

      **SO ORDERED** this **2nd day** of **September, 2014.**

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                            IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE