IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JAMES KENNETH DOTIE, #301174,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:14-CV-1922-L** |
| § | |
| **WILLIAMS STEPHENS**, Director, Texas § | |
| **Dept. of Criminal Justice, Correctional** § | |
| **Institutions Division**, § | |
| § | |
| Respondent. § | |

### ORDER

Before the court is Petitioner James Kenneth Dotie's ("Petitioner") Motion for Extention [sic] of Time for [sic] Exhaust Administrative Remedies prior to Refiling pursuant to 28 U.S.C. § 2254 (Doc. 8) ("Motion"), filed July 9, 2014; and Amended Petition for Writ of Habeas Corpus (Doc. 12) ("Amended Petition"), filed August 14, 2014. The case was referred to Magistrate Judge Irma C. Ramirez, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 9) ("Report on the Motion") on August 7, 2014, recommending that the court deny any motion for stay or extension of time; Findings, Conclusions, and Recommendation (Doc. 10) ("Report"), on August 18, 2014, recommending that the court deny the Petitioner's request for habeas relief; and Supplemental Findings, Conclusions, and Recommendation (Doc. 14) ("Supplemental Report") on September 2, 2014, recommending that the court deny the additional arguments raised in the Amended Petition. The Amended Petition raises the same arguments in the earlier filed Petition for Writ of Habeas Corpus ("Petition"), filed May 23, 2014, challenging the loss of good-conduct credit and street-time credit to which the magistrate judge recommends dismissal

Order – Page 1

in her earlier filed Report. Petitioner additionally alleges that he was deprived of the right to appeal and to the appointment of appellate counsel to which the Supplemental Report addresses.

In his Motion, Petitioner requests a sixty-day extension to exhaust administrative remedies prior to refiling a 28 U.S.C. § 2254 application. The court agrees with the magistrate judge and finds that Petitioner has not established that he is entitled to equitable tolling, as he has not shown good cause for failing to exhaust and has not actually refiled a § 2254 petition.

In his Petition, Petitioner contends that he is not attacking his conviction and instead is pursuing claims under 28 U.S.C. § 2241. The magistrate judge, however, properly construed his Petition as arising under § 2254. Petitioner filed objections on August 28, 2014. Petitioner's objections simply restate what he already presented to the court in his Petition and Motion. Petitioner contends that denial of street-time credit for the time he was on mandatory supervision violated the Ex Post Facto Clause. He further alleges that forfeiture of his previously earned good-conduct credit violated his due process rights. There is no violation of the Ex Post Facto clause, as Petitioner is not eligible under the current law that provides for street-time credit or the law in effect at the time of his offense. *See* Tex. Gov't Code § 508.283(c) (stating that certain felonies are not eligible for street credit); *see also* Act of May 30, 1977, 65th Leg., R.S., ch. 347, § 2, 1977 Tex. Gen. Laws 925, 929 (current version at Tex. Gov't Code § 508.283(c)) (When mandatory supervision is revoked, the person "may be required to serve the portion remaining of the sentence on which he was released, such portion remaining to be calculated without credit for the time from the date of his release to the date of revocation.").

Petitioner also did not suffer a violation of his due process rights. The law clearly calls for forfeiture of previously accrued good-conduct time upon the revocation of mandatory supervision.

*See* Tex. Gov't Code § 498.004(b) (stating that inmates forfeit good-conduct time previously accrued and that the department *may* restore it after 3 months if certain conditions are met); *see also* Enrolled S.B. 152, 65th Leg., R.S. (Tex. 1977) ("[U]pon revocation of parole or mandatory supervision, the inmate loses all good conduct time previously accrued, but upon return to the department may accrue new good conduct time for subsequent time served in the department."). Accordingly, **overrules** Petitioner's objection.

In his Amended Petition, Petitioner additionally contends that he was deprived of his right to appeal and to the appointment of appellate counsel. The magistrate judge recommends dismissing the new claims, as they are barred by the statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). As the Supplemental Report explains, Petitioner was required to file his habeas petition one year from the effective date of the AEDPA. Thus, his habeas petition was due on or before April 24, 1997. Petitioner's Amended Petition was filed this year and therefore AEDPA's statute of limitations bars his additional claims.

On October 19, 2014, Petitioner filed objections to the magistrate judge's Supplemental Report and argues that the state was responsible for delaying his appeal and therefore his claim is not time barred. While the Supreme Court allows equitable tolling of AEDPA's statute of limitations, Petitioner is not entitled to equitable tolling. To receive equitable tolling under § 2254, Petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). Petitioner has not satisfied his burden, as his conclusory allegations against the state do not establish the need to equitably toll the applicable statute of limitations. Accordingly, the court **overrules** Petitioner's objection.

**Order – Page 3**

After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, filed August 7, 2014, recommending denial of Petitioner's Motion, the court determines that the findings and conclusions are correct and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Motion for Extention [sic] of Time for [sic] Exhaust Administrative Remedies prior to Refiling pursuant to 28 U.S.C. § 2254. The court further determines that the findings and conclusions, filed August 18, 2014, and the supplemental findings and conclusions, filed September 2, 2014, recommending that the court deny Petitioner's request for habeas relief, are correct and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's Amended Petition for Writ of Habeas Corpus and **dismisses** this action **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

    **It is so ordered** this 6th day of November, 2014.

                                          Sam A. Lindsay
                                          United States District Judge